## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIEMENS INDUSTRY SOFTWARE INC., <br> Plaintiff, <br><br> v. <br><br> BELL SEMICONDUCTOR, LLC, <br> Defendant. | Civil Action No. 22-01569-CFC <br><br><br> JURY TRIAL DEMANDED |

### REPLY BRIEF IN SUPPORT OF BELL SEMICONDUCTOR, LLC'S
### <u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

Dated: February 16, 2023

David Sochia (admitted *pro hac vice*)
dsochia@McKoolSmith.com
Richard A. Kamprath (admitted *pro hac vice*)
rkamprath@McKoolSmith.com
MCKOOL SMITH, P.C.
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Joshua J. Newcomer (admitted *pro hac vice*)
jnewcomer@mckoolsmith.com
MCKOOL SMITH, P.C.
600 Travis Street #7000
Houston, TX 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Lauren H. Simenauer (admitted *pro hac vice*)
lsimenauer@mckoolsmith.com
MCKOOL SMITH, P.C.
1999 K Street NW
Washington, D.C. 20006
Telephone: (202) 370-8300
Telecopier: (202) 370-8344

*Attorneys for Defendant Bell Semiconductor, LLC*

## TABLE OF CONTENTS

I. Introduction...............................................................................................1

II. Reply Argument........................................................................................1

    A. Plaintiff cannot rescue its misguided Complaint from its defective jurisdictional allegations........................................................1

        1. Bell Semic challenged both the Complaint's jurisdictional allegations and the facts supporting them.................................2

        2. Plaintiff's Opposition does not change that the Complaint's indemnity allegations cannot show jurisdiction. ...............................................................................3

        3. Plaintiff still cannot show a case or controversy between itself and Bell Semic. ..............................................................5

    B. Plaintiff cannot overcome the well-founded reasons for dismissal. ...................................................................................8

    C. The Court should not grant leave to amend. ......................................10

III. Conclusion ...............................................................................................11

i

## TABLE OF CITATIONS

**Cases**                                                                              **Page(s)**

*Allergan, Inc. v. Revance Therapeutics, Inc.*,
  2022 WL 2866723 (D. Del. July 21, 2022) ...................................................................... 2

*Applied Materials, Inc. v. Demaray LLC*,
  2021 WL 4222177 (N.D. Cal. Sept. 16, 2021) .................................................................. 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................... 7

*Edmunds Holding Co. v. Autobytel Inc.*,
  598 F. Supp. 2d 606 (D. Del. 2009) .................................................................................. 5

*FedEx Corp. Svcs., Inc. v. Eclipse IP LLC*,
  15 F. Supp. 3d 1346 (N.D. Ga. 2013) ............................................................................... 4

*Futurewei Techs., Inc. v. Acacia Rsch. Corp.*,
  737 F.3d 704 (Fed. Cir. 2013) ........................................................................................... 9

*Ibiquity Digit. Corp. v. Delaware Radio Techs., LLC*,
  2015 WL 13885030 (D. Del. Jan. 7, 2015) ....................................................................... 4

*Leonard v. Stemtech Health Scis., Inc.*,
  2011 WL 6046701 (D. Del. Dec. 5, 2011) ........................................................................ 7

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007) ....................................................................................................... 5, 6

*Microsoft v. DataTern*,
  755 F.3d 899 (Fed. Cir. 2014) ................................................................................. *passim*

*Mitek Sys., Inc. v. United Servs. Auto. Ass'n*,
  34 F.4th 1334 (Fed. Cir. 2022) ................................................................................ *passim*

*Pragmatus Telecom, LLC v. Advanced Store Co.*,
  2012 WL 2803695 (D. Del. July 10, 2012) ................................................................ 10 n.1

*SpeedTrack, Inc. v. Office Depot, Inc.*,
  791 F.3d 1317 (Fed. Cir. 2015) ....................................................................................... 10

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009) ............................................................................9

*Vitaworks IP, LLC v. Glanbia Nutritionals (NA) Inc.*,
    2021 WL 5061707 (D. Del. Oct. 26, 2021) .......................................................11

**Other Authorities**

U.S. CONST. art. III ...................................................................................1, 7, 11

## I.   Introduction

Siemens Industry Software Inc. ("Plaintiff") does not carry its burden to show an Article III case or controversy here. Plaintiff urges this Court to walk through a jurisdictional minefield without a map, all the while complaining about Bell Semiconductor, LLC ("Bell Semic") pointing out the mines. That is illogical and ignores well-founded reasons for not setting out on such an endeavor. Plaintiff's Answering Brief in Opposition to Defendant's Motion to Dismiss Complaint (D.I. 34, "Opposition") changes nothing. The Court should dismiss.

## II.  Reply Argument

### A.   Plaintiff cannot rescue its misguided Complaint from its defective jurisdictional allegations.

Plaintiff begs the Court to evaluate jurisdiction solely from the "allegations of the complaint and documents referenced therein and attached thereto[] in the light most favorable to the plaintiff[s]." (D.I. 34 at 2 (citation omitted)). Plaintiff ignores that Bell Semic attacked the facts supporting jurisdiction. From either perspective, Plaintiff has failed to carry its burden—its Complaint cannot survive a facial attack. Nothing in the Opposition changes that Plaintiff failed to allege a reasonable potential for defense and/or indemnity liability. Nor does it change that Plaintiff similarly failed to allege a direct case or controversy between itself and Bell Semic.

1

### 1. Bell Semic challenged both the Complaint's jurisdictional allegations and the facts supporting them.

Plaintiff suggests that the jurisdictional dispute is confined to the allegations in its Complaint. (*Cf.* D.I. 34 at 3–5). Plaintiff cannot seriously contend that. With respect to the indemnity issue, this dispute touches the underlying jurisdictional facts. Plaintiff admits that pointing outside a Complaint and contradicting its allegations are factual attacks (D.I. 34 at 5), as does its authorities. *See Mitek Sys., Inc. v. United Servs. Auto. Ass'n*, 34 F.4th 1334, 1341 (Fed. Cir. 2022) ("[A] challenge is 'factual' rather than 'facial' 'if the defendant submits affidavits, testimony, or other evidentiary materials.'") (citations omitted); *Allergan, Inc. v. Revance Therapeutics, Inc.*, 2022 WL 2866723, at *3 (D. Del. July 21, 2022) (pointing to "evidence outside the pleadings" is a factual attack). Bell Semic did that by pointing outside the Complaint to Plaintiff's alleged defense and/or indemnity disputes with the Infringers to contradict that Plaintiff has any such obligations. (D.I. 32 at 9).

Not even Plaintiff believes its facial-attack only argument. Plaintiff responds to Bell Semic by pointing out the inconsistency of alleging defense and/or indemnity obligations while simultaneously disputing them. (D.I. 34 at 9–10). Plaintiff argues it should have an opportunity "to respond with evidence supporting jurisdiction" (D.I. 34 at 6 n.2), while using its Opposition to submit new evidence. *See* D.I. 34 at 4 (alleging agreements with eighteen defendant-customers instead of a "multitude"

of requests from Customers (D.I. 1 at 11)); D.I. 35, 35-1. None of that is necessary if Bell Semic leveled only a facial attack.

### 2. Plaintiff's Opposition does not change that the Complaint's indemnity allegations cannot show jurisdiction.

In any event, Plaintiff failed to allege the "reasonable potential" for defense and/or indemnification liability, which Plaintiff admittedly needs for jurisdiction. (*Cf.* D.I. 32 at 8; D.I. 34 at 7). Plaintiff urges the Court to adopt a bright-line rule that vague allegations of: (a) an indemnity agreement plus (b) requests for indemnity and/or defense equals a reasonable potential for defense and/or indemnity liability. (D.I. 34 at 7–8). The manufacturer in *Mitek Systems* argued the same. 34 F.4th 1334, 1343 (Fed. Cir. 2022). Without "concrete examples" of indemnity agreements or demands for indemnity from customers, the Federal Circuit could not tell if the complaint alleged a reasonable potential for defense and/or indemnification liability—thus remanded to "closely analyze" the relevant indemnity allegations. *Id.* at 1346. In short, the Federal Circuit has already rejected Plaintiff's rule.

That may be why Plaintiff backfilled its deficient Complaint with new allegations: that it has agreed to defend/indemnify eighteen defendant-customers. (D.I. 34 at 4, 9 n.4). Those are not allegations in Plaintiff's Complaint, making them irrelevant to the facial attack Plaintiff purports to answer. (D.I. 34 at 5–6). Plaintiff accepts that, under *Mitek*, "[t]he character of the indemnity demands received and the *precise scope* of the corresponding indemnity agreements may bear *heavily* on

3

the sufficiency of [Plaintiff's] indemnity-based interest in obtaining the requested declaratory judgment." 34 F.4th at 1346 (emphasis added); (D.I. 34 at 9). Did Plaintiff submit those agreements or corresponding indemnity demands? No. Plaintiff sandbags, representing it will submit the agreements (but not the demands) only "[i]f the Court is inclined to entertain a factual attack." (D.I. 34 at 9). If Plaintiff thought a factual attack was not applicable, why bring up the eighteen defendant-customers at all? Plaintiff had its opportunity to submit new jurisdictional facts with the Complaint—it does not get yet-another bite at the apple. Regardless, Plaintiff's remaining defense and/or indemnity-based arguments are meritless.

While the Opposition is very similar to Synopsys, Inc. and Cadence Design Systems, Inc.'s Answering Brief in Opposition to Defendant's Motion to Dismiss Complaint (22-cv-1512-CFC; D.I. 38), Plaintiff did not argue that an indemnity relationship with a "single customer" is enough for jurisdiction. (*Id.* at 6 (quoting *Ibiquity Digit. Corp. v. Delaware Radio Techs., LLC*, 2015 WL 13885030, at *1 n.2 (D. Del. Jan. 7, 2015) (internal quotation marks omitted)). Plaintiff argues that the Northern District of Georgia would find its defense and/or indemnity allegations sufficient for jurisdiction. (D.I. 34 at 7 (citing *FedEx Corp. Servs., Inc. v. Eclipse IP LLC*, 15 F. Supp. 3d 1346, 1348–49 (N.D. Ga. 2013)). This case cannot square with the "reasonable potential" standard the Federal Circuit set out in *Mitek*. *See* 34 F.4th at 1346.

Moreover, Bell Semic pointed out to Plaintiff (a) that not all their license agreements are alleged to have defense/indemnity provisions, plus (b) that many cases have been resolved, means (c) the court can only speculate what remaining Infringers (if any) Plaintiff could still have any potential at all to indemnity. (D.I. 32 at 10–11). Plaintiff has no answer other than to say that Bell Semic has ongoing suits against some Infringers. (*See* D.I. 34 at 10). That does not change the speculative leap the court would have to make to find jurisdiction (that the remaining Infringers actually have license agreements containing defense/indemnity provisions), so Plaintiff still cannot show subject matter jurisdiction. (D.I. 32 at 10–11).

### 3. **Plaintiff still cannot show a case or controversy between itself and Bell Semic.**

Plaintiff likewise fails to allege a direct case or controversy between itself and Bell Semic. It does not argue for one under contributory infringement (D.I. 32 at 13–14), and relies on induced and direct infringement. (D.I. 34 at 11, 16). Those arguments hold no water.

Plaintiff fails to show a case or controversy because Bell Semic has never "manifested an intent to assert the Patents against it." (D.I. 32 at 11–12). Plaintiff argues that the Supreme Court's decision in *MedImmune* eliminated any such hurdle. (D.I. 34 at 14 (citing 549 U.S. at 127)). This ignores the hurdle's source—this Court's decision in *Edmunds Holding Co. v. Autobytel Inc.*, which applied *MedImmune*. 598 F. Supp. 2d 606, 609–10 (D. Del. 2009); (D.I. 32 at 12). There is

5

no evidence whatsoever that Bell Semic has accused Plaintiff of infringement, direct or otherwise, in any manner.

Plaintiff complains that the Supreme Court "made clear" in *MedImmune v. Genentech* that the Court must consider "all the circumstances" in finding jurisdiction. (D.I. 34 at 14 (citing 549 U.S. 118, 127 (2007)). Then it argues that references to its design tools in claim charts automatically show a reasonable potential for induced infringement liability. (D.I. 34 at 12–13). Not so. The Federal Circuit found a reasonable potential for induced infringement liability in *Microsoft v. DataTern* given (a) the patent owner showing infringement with manufacturer guides and documents, *plus* (b) "the rest of the evidence on record." 755 F.3d 899, 905 (Fed. Cir. 2014). However, the record in *DataTern* showed direct communications about ongoing infringement suits against the manufacturer's customers between the patent owner and the manufacturer. *See id.* at 902. That is not true here. Plaintiff does not allege Bell Semic *ever* communicated with it about suits against the Infringers, nor did Bell Semic do so. There is no *DataTern* plus factor to support jurisdiction here, and Plaintiff does not allege one.

Failing to show induced infringement, Plaintiff switches to direct infringement. (D.I. 34 at 16). That fails, too. Plaintiff now argues it directly infringes by using its tools for "R&D, testing, and demonstration purposes." (D.I. 34 at 16). Plaintiff did not plead that, and its pleading failure is why its best authority for direct

6

infringement is distinguishable. In *Applied Materials, Inc. v. Demaray LLC*, the manufacturer *pleaded* that it had "previously performed the allegedly infringing method for research and development and demonstration purposes for its customers." 2021 WL 4222177, at *7 (N.D. Cal. Sept. 16, 2021).

Because Plaintiff did not plead direct infringement, it now asks the Court to infer it. (D.I. 34 at 16–17). The Court should not. What Plaintiff asks requires stacking one inference (that it uses its tools for R&D, testing, and demonstration) on another (in ways that infringe every claim across all six of Bell Semic's Patents). Stacking inferences is just "speculation." *See Leonard v. Stemtech Health Scis., Inc.*, 2011 WL 6046701, at *8 (D. Del. Dec. 5, 2011). Speculation gets no weight. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Plaintiff's backup argument is that Bell Semic's subpoenas amounted to a "threat." (D.I. 34 at 15). If that were so, the Federal Circuit would have found Article III jurisdiction based on the subpoena in *Mitek* rather than remand the issue. *Cf.* 34 F.4th at 1342–44. The Federal Circuit said nothing about the subpoena, meaning subpoenas are not the threats Plaintiff argues they are. (D.I. 32 at 12).

Plaintiff's backup-to-the-backup is arguing Bell Semic has manifested an intent to sue by not covenanting not to sue. (D.I. 34 at 15). Plaintiff did not plead that. Nor is it relevant. *DataTern*, 755 F.3d at 906 (explaining that "refusal to grant

a covenant not to sue 'is not sufficient to create an actual controversy'") (citation omitted).

### B.  Plaintiff cannot overcome the well-founded reasons for dismissal.

Even if Plaintiff could show a case or controversy, nothing in its Opposition changes the "well-founded reasons" supporting dismissal. *See Mitek*, 34 F.4th at 1347. Plaintiff's view of the law—that manufacturers can maintain declaratory judgment actions in the face of earlier-filed infringement actions so long as it is more effective or efficient—is unsupported. Plaintiff cannot get around laches or show how this suit will be useful.

Plaintiff now argues it may maintain its suit in the face of earlier-filed infringement actions so long as "the intervention route" is not "more effective or efficient." (D.I. 34 at 19). Plaintiff is wrong. It misreads *Mitek*, which explained that the effectiveness or efficiency of the manufacturer maintaining the declaratory judgment action is relevant only when the district court first decides that the manufacturer's intervention in ongoing customer suits would better fit "judicial-administration purposes." 34 F.4th at 1347–48. *Mitek* did not address why the Federal Circuit in *DataTern* said manufacturers need to intervene to stand in their customers' shoes—*comity*. (D.I. 32 at 20–21). Plaintiff half-heartedly tries to pass *DataTern* off as dicta. (D.I. 34 at 19 n.10). If so, it is still dicta *from the Federal Circuit*. *DataTern* grounded its reasoning in precedent, explaining that later-filed

8

declaratory judgment actions by manufacturers should be "stayed, dismissed, or transferred." *Futurewei Techs., Inc. v. Acacia Rsch. Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013); *see also DataTern*, 755 F.3d at 904 (citing *Futurewei*). That Plaintiff unabashedly asks this Court to ignore comity to disrupt the jurisdiction of other federal courts, (D.I. 34 at 2, 5, 19–20), gives the Court a well-founded reason to dismiss.

Laches is another reason. Plaintiff cannot get around its unreasonable delay in filing suit. (D.I. 34 at 20). It argues its delay was fine because the Federal Circuit in *Vita-Mix Corp. v. Basic Holding, Inc.* found no laches after a 5+ year delay. (D.I. 34 at 20 (citing 581 F.3d 1317, 1333 (Fed. Cir. 2009))). That ignores the Federal Circuit's admonition that "[t]he length of time which may be deemed unreasonable has no fixed boundaries but rather depends on the circumstances," and its reasoning—there was no laches because the delay caused no prejudice. 581 F.3d at 1333. Bell Semic showed prejudice from the delay. (D.I. 32 at 16–17). Plaintiff may not consider "customer bankruptcy and loss of evidence" prejudice, but the Supreme Court does. (D.I. 32 at 17 & n.5). Plaintiff also ignores the prejudice Bell Semic would suffer from losing the significant legal progress it has made in its other suits if this one continues. (D.I. 32 at 17–18). Bell Semic's decision to protect its interests by instituting simultaneous litigation does not "contradict" the prejudice Bell Semic (D.I. 34 at 21).

That this suit is useless is yet-another well-founded reason to dismiss. Plaintiff contests whether Bell Semic could continue its suits against the Infringers if Plaintiff wins on non-infringement. (D.I. 34 at 21). Bell Semic likely could. Plaintiff's own authority recognizes that the *Kessler* doctrine does not block suits alleging "material differences" between the customer's use of software and an adjudicated noninfringing use. *SpeedTrack, Inc. v. Office Depot, Inc.*, 791 F.3d 1317, 1328 (Fed. Cir. 2015). Plaintiff does not allege its tools cannot be customized or used in various ways. Plaintiff's argument that it has "the greatest knowledge of, and strong interest in defending, its Accused tool" is irrelevant. (D.I. 34 at 21). Plaintiff did not plead that and concedes that Bell Semic accused the Infringers' design processes, not Plaintiff's tools. (D.I. 34 at 1). It is implausible that Plaintiff knows better than the Infringers on how they design semiconductors, let alone a stronger interest to defend those processes.

Plaintiff also purported to allege a license to the '807 Patent. (D.I. 1 ¶ 115). Bell Semic explained why such a license was implausible as pleaded. (D.I. 32 at 19–20). Plaintiff did not defend it, waiving usefulness based on it.

### C. The Court should not grant leave to amend.

Having failed to show Article III jurisdiction or rebut the well-founded reasons for dismissing, Plaintiff's fallback is to ask to try again. (D.I. 34 at 22). Leave to amend should not be granted when amendment would be futile. *Vitaworks*

*IP, LLC v. Glanbia Nutritionals (NA), Inc.*, 2021 WL 5061707, at *1 (D. Del. Oct. 26, 2021). The Complaint's jurisdictional allegations and ongoing discovery show no Article III jurisdiction here. *Supra* Part II(A). Amendment cannot fix the well-founded reasons for dismissing. *Supra* Part II(B); (D.I. 32 at 15–21).

## III. Conclusion

For those reasons, Bell Semic asks the Court to dismiss Plaintiff's Complaint with prejudice.

| | |
|---|---|
| Dated: February 16, 2023 | Respectfully submitted,<br><br>FARNAN LLP<br><br>*/s/ Brian E. Farnan*<br>Brian E. Farnan (#4089)<br>Michael J. Farnan (#5165)<br>919 N. Market St., 12th Floor<br>Wilmington, DE 19801<br>(302) 777-0300<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>David Sochia (admitted *pro hac vice*)<br>dsochia@McKoolSmith.com<br>Richard A. Kamprath (admitted *pro hac vice*)<br>rkamprath@McKoolSmith.com<br>MCKOOL SMITH, P.C.<br>300 Crescent Court Suite 1500<br>Dallas, TX 75201<br>Telephone: (214) 978-4000<br>Telecopier: (214) 978-4044<br><br>Joshua J. Newcomer (admitted *pro hac vice*)<br>jnewcomer@mckoolsmith.com<br>MCKOOL SMITH, P.C.<br>600 Travis Street #7000<br>Houston, TX 77002<br>Telephone: (713) 485-7300<br>Telecopier: (713) 485-7344<br><br>Kyle Ryman (admitted *pro hac vice*)<br>kryman@McKoolSmith.com<br>MCKOOL SMITH, P.C.<br>303 Colorado Street, Suite 2100<br>Austin, TX 78701<br>Telephone: (512) 692-8700<br>Telecopier: (512) 692-8744 |

Lauren H. Simenauer (admitted *pro hac vice*)
lsimenauer@mckoolsmith.com
MCKOOL SMITH, P.C.
1999 K Street NW
Washington, D.C. 20006
Telephone: (202) 370-8300
Telecopier: (202) 370-8344

*Attorneys for Defendant Bell Semiconductor, LLC*

## **CERTIFICATION OF COMPLIANCE**

The undersigned certifies that Bell Semiconductor, LLC's Reply Brief in Support of Bell Semiconductor, LLC's Motion to Dismiss Plaintiff's Complaint is in Times New Roman 14-point font and contains 2,478 words, exclusive of caption, tables, and signature block, counted using Microsoft Word's word count feature.

Dated: February 16, 2023                                      /s/ Brian E. Farnan
                                                              Brian E. Farnan (Bar No. 4089)